# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5953 | **DATE** | 6/16/2004 |
| **CASE TITLE** | Rolls Royce PLC vs. Luxury Motors | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Luxury Motors' motion to dismiss or stay is denied. Enter Memorandum Opinion and Order. Status hearing set for 6/30/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 44 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 JUN 16 AM 4:47 Date/time received in Central Clerk's Office | date mailed notice mailing deputy initials | |

Minute Order Form (06/97)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROLLS-ROYCE PLC; ROLLS-ROYCE MOTOR )
CARS, LTD.; and ROLLS-ROYCE MOTOR CARS )
NA, LLC, )
)
Plaintiffs, ) No. 03 C 5953
)
v. ) Judge John W. Darrah
)
LUXURY MOTORS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit against Defendant, Luxury Motors, Inc., alleging trademark infringement and false designation of origin and unfair competition in violation of the Lanham Act. Plaintiffs also sought a preliminary and permanent injunction against Luxury Motors' use of the Plaintiffs' trademarks. Luxury Motors seeks to dismiss or stay the action pursuant to the doctrine of primary jurisdiction or the *Colorado River* abstention doctrine.

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Rolls-Royce Motor Cars, NA ("Rolls") is the sole authorized distributor of Rolls-Royce cars in the United States and has the exclusive right and license to use and control Rolls-Royce marks for automotive use within North America pursuant to an agreement with Rolls-Royce Motor Cars, Ltd. These marks include the Rolls-Royce word mark, the "Rolls-Royce Badge," and the "Rolls-Royce Monogram." The marks are distinctive, valid, and enforceable and enjoy an exceedingly valuable reputation and goodwill in the Untied States not only among purchasers of their products

but also among other members of the public at large.

In 1998, Rolls entered into a licensing agreement with Bentley which granted Bentley a limited license for the automotive use of Rolls-Royce marks during the life of the licensing agreement. At midnight, December 31, 2002, the licensing agreement terminated, leaving Bentley without any rights to continue to use the Rolls-Royce marks. Also, from 1998 to December 31, 2002, Bentley Motors, Ltd. produced Rolls-Royce passenger cars and distributed them in North America. During that time, none of the Plaintiffs had any ownership or affiliation with Bentley's manufacturing facilities.

Luxury Motors is an automobile dealer in Downers Grove, Illinois. Luxury Motors entered into a 2002 dealer agreement with Bentley through a subsidiary of Bentley. Neither Bentley nor its subsidiaries have any connection to the Plaintiffs. Luxury Motors' Dealer Agreement with Bentley, expressly stated that it would expire on December 31, 2002, unless superseded by a new dealer agreement with Bentley at an earlier date.

In early 2002, Luxury Motors submitted a proposal to Rolls seeking to become an authorized Rolls-Royce dealer once Rolls-Royce Motor Cars, Ltd. began producing the redesigned Rolls-Royce Phantom for distribution in the United States. Rolls did not accept Luxury Motors' proposal and did not select Luxury Motors to be an authorized dealer of Rolls-Royce Motor Cars.

In February 2003, Luxury Motors filed a complaint with the Illinois Motor Vehicle Review Board ("IMVRB"), seeking to have Rolls tender a franchise renewal or otherwise comply with the parties' franchise agreement. The complaint alleged that Rolls-Royce violated the Illinois Motor

Vehicle Franchise Act ("IMVFA") by failing to tender a renewal of the franchise agreement without Luxury Motors' receiving a formal notice of termination or nonrenewal. This complaint remains pending before the IMVRB.

In March 2003, counsel for Luxury Motors received written notice from Rolls that Bentley, and consequently Luxury Motors, had no rights to use the Rolls-Royce marks. Notwithstanding that notice, Luxury Motors continued to use the Rolls-Royce mark and hold itself out as an authorized Rolls-Royce passenger car dealership.

On August 22, 2003, Plaintiffs filed the instant Complaint. On October 28, 2003, the Court entered the parties' Agreed Preliminary Injunction Order which enjoined Luxury Motors from using or affixing Plaintiffs' trademarks and holding itself out to customers that it was an authorized Rolls-Royce dealer.

Luxury Motors argues that the present case should be stayed pursuant to the doctrine of primary jurisdiction.

The doctrine of primary jurisdiction is actually two doctrines. *See Arsberry v. Illinois*, 244 F.3d 558, 563 (7th Cir. 2001) (*Arsberry*). In its original form, the doctrine applies only when an issue arises that is within the exclusive original jurisdiction of the regulatory agency, although the agency's resolution of the issue will usually be subject to judicial review. *See Arsberry*, 244 F.3d at 563. In such a situation, the suit is stayed and the issue is decided by the agency. Once the agency decides this exclusive issue, the suit may proceed. *See Arsberry*, 244 F.3d at 563.

Here, Luxury Motors has alleged before the IMVRB that because Luxury Motors was not provided notice of termination of the franchise agreement, as required by the IMVRA, the franchise agreement remains in effect. The issue of whether the Defendants failed to comply with the IMVFA

3

is not within the exclusive jurisdiction of the IMVRB. *See* 815 ILCS 710 *et seq.* Accordingly, Luxury Motors' IMVFA claim does not fall within the primary jurisdiction doctrine in its original form.

The primary jurisdiction doctrine has also been defined as a doctrine that allows a court to refer an issue to an agency that has specialized knowledge about the issue, even if the agency has not been given exclusive jurisdiction to resolve that issue. *See Arsberry*, 244 F.3d at 563.

Luxury Motors argues that the IMVRB has specialized knowledge and expertise regarding automobile dealership agreements and governing law and that, thus, the instant action should be stayed so that the IMVRB may decide the IMVFA issue. However, Luxury Motors fails to provide any support for this assertion. To the contrary, claims relating to the IMVFA have been decided by the District Courts without the need for input from the IMVRB. *See, e.g, Servpro Indust., Inc. v. Schmidt*, 1997 WL 158316 (N.D. Ill. March 31, 1997); *Chrysler Credit Corp. v. Anthony Dodge, Inc.*, 1996 WL 509888 (N.D. Ill. Sept. 4, 1996); *Northwestern Buick, Inc. v. Nissan Motor Corp. in the U.S.A.*, 1990 WL 43316 (N.D. Ill. March 29, 1990).

Based on the above, Luxury Motors has failed to demonstrate that the present action should be stayed pursuant to the primary jurisdiction doctrine.

Luxury Motors also argues that the present action should be stayed pursuant to the *Colorado River* abstention doctrine.

Although federal courts may stay and wait a decision of parallel proceedings as a matter of wise judicial administration, any such stay should only be granted in exceptional cases. *See Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (*Finova*). To determine if abstention is appropriate, the Court must first determine if the two pending actions are

in fact parallel. *See Finova*, 180 F.3d at 898. Actions are parallel if substantially the same parties are litigating substantially the same issues at the same time in two venues. *See Finova*, 180 F.3d at 898. If the actions are parallel, the Court then weighs ten factors to determine whether a stay is appropriate. These factors include: (1) whether the state court has assumed jurisdiction over the property at issue; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the actions; (8) the presence or absence of concurrent jurisdiction; (9) whether the state court action is removable; and (10) whether the federal action was filed for vexatious or contrived purposes. *See Finova*, 180 F.3d at 898; *Sverdrup Corp. v. Edwardsville Comm. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997) (*Sverdrup*). In balancing the ten factors, "[p]articular weight must be given to the presence of a federal question in the case." *Sverdrup*, 125 F.3d at 549.

Here, the two pending actions include Luxury Motors' claim that Rolls-Royce Motor Cars NA violated the IMVFA and Plaintiffs' trademark claims under the Lanham Act. Luxury Motors' improper termination claim under the IMVFA is only one of numerous defenses that Luxury Motors may raise in an attempt to avoid liability. Furthermore, Luxury Motors' "improper franchise termination" defense is unlikely to be found to be a defense at all against Plaintiffs' claims of infringement under the Lanham Act. *See The Great American Chocolate Cookie Co. v. River Valley Cookies, Inc.*, 970 F.2d 273, 282 (7th Cir. 1992) (franchisee should not have infringed trademark but should have sued for breach of contract); *Gorestein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 435 (7th Cir. 1989) (dispute regarding franchise termination did not affect Lanham Act

analysis); *Jake Flowers, Inc. v. Kaiser*, 2002 WL 31906688 (N.D. Ill. Dec. 31, 2002) (continued use of trademark after franchise is terminated is not allowed – franchisee may seek other damages it may suffer from franchisor's unlawful action but cannot continue to use the trademark). Accordingly, the parties are not litigating substantially the same issues at the same time in two venues.

Furthermore, the ten factors to be reviewed by the Court fail to demonstrate that an exceptional case exists to warrant abstention. The first factor is not applicable as no real or tangible property is at issue. The federal forum does not present an inconvenience as both proceedings are taking place in Chicago, Illinois. There is little, to no, risk of piecemeal litigation because, as discussed above, Luxury Motors' wrongful termination defense is unlikely to affect the trademark infringement claims and because any risk may be avoided by the adjudication of all issues in this Court. While Luxury Motors' claim was filed first, the Plaintiffs' federal claims weigh heavily against abstention. The parties concede that neither action is much further along than the other. While this Court and the IMVRB have concurrent jurisdiction over Luxury Motors' one claim, only this Court has jurisdiction over all other issues. Lastly, while Luxury Motors' claim is not removable, Luxury Motors fails to demonstrate that Plaintiffs brought their action for vexatious or contrived purposes. The above review of the factors demonstrates that abstention is not appropriate in the instant case.

For the foregoing reasons, Luxury Motors' Motion to Dismiss or Stay is denied.

Dated: June 16, 2004

JOHN W. DARRAH
United States District Judge